UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ED CHEN,

                Plaintiff,

        -against-

TRUSTEES OF COLUMBIA
UNIVERSITY,

                Defendants.

15-CV-0887 (LAP)

ORDER OF DISMISSAL

LORETTA A. PRESKA, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action alleging that Defendants violated his constitutional rights. By order dated October 29, 2015, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted)(emphasis in original).

## BACKGROUND

In his complaint, Plaintiff asserts that he was "systematically discriminated against by the administration, harassed, and Harassed." (Compl. at 1.) Plaintiff alleges that in August 2010,

while he was a graduate student at Columbia University, he sent a mass email to a list of alumni regarding his desire to stop fraud and waste in the government and his intention "to fight fraud, graft and corruption in NYS by defeating Sheldon Silver in Chinatown by organizing Chinese people against Silver." (*Id*.) Plaintiff alleges further that "[s]oon after this email, Columbia University sought ways to hide fraud, silence and intimidate [him], and discriminate against his due process rights in contravenance of section USC 1981." (*Id*.) Plaintiff alleges that Columbia University engaged in a pattern of retaliation from August 2010 through October 2014. Plaintiff brings this action against the Trustees of Columbia University seeking monetary damages and injunctive relief.

## DISCUSSION

*A.    Rule 8 Pleading Requirements*

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The Supreme Court has held that this rule requires a plaintiff to provide some details about what each defendant did or failed to do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). It is not enough for a complaint to state that the defendant unlawfully harmed the plaintiff. *Id.* (citing *Twombly*, 550 U.S. at 555). Instead, a complaint must contain "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, such that a court could "draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. This standard, commonly referred to as the "plausibility standard," is guided by two principles. First, while district courts must accept as true all factual allegations contained in a complaint, conclusory statements or "[t]hreadbare recitals of the elements of a cause of action … do not suffice." *Id.* Second, when

2

deciding what is plausible, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 679.

B.     Section 1983 Claims

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

To the extent Plaintiff seeks to assert claims against the Trustees of Columbia University for violation of Plaintiff's constitutional rights, these Defendants are not state actors under § 1983. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840-12 (1982) (holding that a private school is not a state actor under § 1983); *see also Johnson v. City of New York,* 669 F. Supp. 2d 444, 451 (S.D.N.Y. 2009) (dismissing § 1983 claim against NYU because it is a private entity). Plaintiff's § 1983 claims against Defendants must therefore be dismissed.

C.     Claims Under 42 U.S.C. § 1981

To state a claim under 42 U.S.C. § 1981, a plaintiff must allege that: (1) he is a member of a racial minority; (2) the defendants intended to discriminate on the basis of race; and (3) the discrimination concerns one of the statute's enumerated activities. *Brown v. City of Oneonta*, 221 F.3d 329, 339 (2d Cir. 2000); *see also Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006) (A plaintiff is entitled to relief under § 1981 "when racial discrimination blocks the creation of a contractual relationship … [or] impairs an existing contractual relationship."). To prevail on a § 1981 claim, evidence of racially discriminatory intent is required. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004); *Gant ex rel. Gant v. Wallingford Bd. of Educ.*, 195 F.3d 134, 139-40 (2d Cir. 1999). Because Plaintiff does not allege that Defendants

3

discriminated against him because of his race, he fails to state a claim for relief under § 1981. Plaintiff's allegations, in fact, belie a claim for relief under § 1981. Plaintiff alleges that Defendants' actions were as a result of the email that Plaintiff sent to the alumni list.

Rule 15(a) of the Federal Rules of Civil Procedure states that a party may amend his pleading by leave of the court. *See* Fed. R. Civ. P. 15(a). Leave of the court "shall be freely given when justice so requires," but may be denied when it would be futile. *Dluhos v. Floating and Abandoned Vessel Known as "New York,"* 162 F.3d 63, 69 (2d Cir. 1998). The decision to grant leave remains within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e) (2)(B)(ii). Plaintiff's request for injunctive relief is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 17, 2015
            New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge